UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA L. YODER,

       Plaintiff,

v.                       CASE No. 8:14-CV-440-T-TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       Defendant.

_____

O R D E R

       The plaintiff in this case seeks judicial review of the denial of

her claim for Social Security disability benefits.[1] Because the decision of the

Commissioner of Social Security does not evaluate adequately the opinion of

the plaintiff's treating physician, the Commissioner's decision will be

reversed and the matter remanded for further proceedings.

I.

       The plaintiff, who was forty-three years old on the date she was

last insured and who has two years of college and technical training in

_____

      [1]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 10).

programming and website design, has relevantly worked as a software consultant, IT technician, quality assurance technician, and a web designer (Tr. 27, 38, 148). She filed a claim for Social Security disability benefits, alleging that she became disabled due to COPD (chronic obstructive pulmonary disease), asthma, allergies, right-side diaphragm paralysis, ADHD (attention deficit hyperactivity disorder), loss of concentration, and insomnia (Tr. 147). The claim was denied initially and upon reconsideration.

At her request, the plaintiff then received a *de novo* hearing before an administrative law judge. The law judge found that, through December 31, 2010, the date she was last insured, the plaintiff had severe impairments of "a respiratory impairment including dyspnea of unclear etiology, probable asthma, allergies, allergic rhinitis, respiratory insufficiency/distress, and elevated right hemidiaphragm fixed not paralyzed" (Tr. 22). He concluded that, with these impairments, the plaintiff (Tr. 24):

> had the residual functional capacity to occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes

and scaffolds.   She must avoid concentrated
exposure to extreme heat, extreme cold, wetness,
humidity, fumes, odors, dusts, gases, poor
ventilation, etc. and hazards.   She requires the
ability to alternate between sitting and standing
every 30 minutes give or take 10 minutes.

Based on the testimony of a vocational expert, the law judge determined that,
despite these limitations, the plaintiff could return to her past work as a
consultant, a quality assurance analyst, and a programmer-analyst (Tr. 27).
Accordingly, the law judge ruled that the plaintiff was not disabled through
the date she was last insured (Tr. 28). The Appeals Council let the decision
of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a
claimant must be unable "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment which
... has lasted or can be expected to last for a continuous period of not less
than twelve months."   42 U.S.C. 423(d)(1)(A).   A "physical or mental
impairment," under the terms of the Social Security Act, is one "that results
from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

In this case, the plaintiff must also show that she became disabled before her insured status expired on December 31, 2010, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert.

denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the

courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).

Therefore, in determining whether the Commissioner's decision

is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not

disabled.  However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met.  Lamb v.

Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff argues that the law judge (1) failed to give appropriate weight to the opinion of the plaintiff's treating physician, (2) did not properly evaluate her complaints of fatigue and concentration deficits, and (3) should have found obesity was a severe impairment and evaluated that condition in accordance with Social Security Ruling 02-01P (Doc. 17, pp. 5, 7, 9). Because the law judge failed to evaluate properly the opinion of the plaintiff's treating physician, the matter will be remanded for further proceedings.

Dr. Ivan F. Ackerman is a pulmonologist who treated the plaintiff for respiratory ailments and insomnia. During the insured period, Dr. Ackerman examined the plaintiff several times, conducted pulmonary functioning testing twice, and interpreted a sleep study of the plaintiff.

The plaintiff resumed care with Dr. Ackerman in 2012 (see, e.g., Tr. 366). He completed a Pulmonary Residual Functional Capacity Questionnaire, dated September 10, 2012 ("Questionnaire"), which opined that, due to asthma and obesity, the plaintiff is functionally limited in certain respects (Tr. 358-61). For example, Dr. Ackerman opined that, although the

-6-

plaintiff could sit and stand/walk for at least 6 hours each in an 8-hour workday and handle moderate stress, she could rarely lift ten pounds or engage in postural movements (Tr. 359, 360). Additionally, Dr. Ackerman opined that the plaintiff would need to take unscheduled breaks of thirty minutes once or twice a week, and likely be absent about two days per month due to her ailments (Tr. 360, 361). Dr. Ackerman specified the plaintiff's symptoms were shortness of breath, chest tightness, wheezing, rhonchi, episodic acute asthma, episodic acute bronchitis, fatigue and coughing (Tr. 358). He further opined that the plaintiff was not a malingerer, and that symptoms and limitations in the Questionnaire had been present since 2009 (Tr. 359, 361).

Opinions from treating physicians should be given substantial or considerable weight unless there is good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge acknowledged Dr. Ackerman's Questionnaire in his decision (although he did not reference any of the opinions stated therein), and indicated that he was not giving the Questionnaire considerable or substantial weight (Tr. 26) as is normally afforded the opinion of a treating physician. In this regard, the law judge stated (id.):

> The undersigned acknowledges that, in a pulmonary function questionnaire, Dr. Ackerman indicated the earliest date that the description of symptoms and limitations provided in the questionnaire applied to was 2009 (Exhibit 11F). However, Dr. Ackerman completed this questionnaire in September 2012, well over 18 months after the claimant's date last insured. Thus, some weight is given to this physician's opinion but it is not entirely persuasive because of its remoteness to the period in question.

That was the extent of the law judge's discussion of the Questionnaire. The plaintiff argues that it was unreasonable for the law judge to discount the Questionnaire simply because it was given more than one year after the date she was last insured (see Doc. 17, p. 7).

The plaintiff is correct that the remoteness of the opinion is, by itself, an insufficient basis to discount the opinion of a treating physician. Thus, a treating physician's opinion, even when it is retrospective, is entitled

-8-

to substantial weight in the absence of good cause to discount it. <u>Boyd</u> v. <u>Heckler</u>, 704 F.2d 1207, 1212 (11th Cir. 1983) (superseded by statute on other grounds); <u>Dempsey</u> v. <u>Commissioner of Social Security</u>, 454 Fed. Appx. 729, 733 n. 7 (11th Cir. 2011); <u>Gainous</u> v. <u>Astrue</u>, 402 Fed. Appx. 472, 474 (11th Cir. 2010).  As the Eleventh Circuit stated, a retrospective medical opinion is not automatically "incompetent or irrelevant to the decision." <u>Boyd</u> v. <u>Heckler, supra</u>, 704 F.2d at 1211.  Accordingly, in <u>Boyd</u>, the Eleventh Circuit remanded for further consideration a treating physician's opinion of disability that was given years after the plaintiff's last insured date, and concerned a time when the physician had even not treated the plaintiff.

Here, Dr. Ackerman not only expressly related the limitations in the Questionnaire back to the insured period, but, importantly, he was the plaintiff's treating pulmonologist during the insured period.  Further, Dr. Ackerman's relevant records show assessments of asthma and obesity, and some pulmonary functioning abnormalities.  Thus, in a 2010 pulmonary functioning test, Dr. Ackerman concluded that "[l]ung volume determinations reveal mild restriction with obesity pattern" and "severely reduced" diffusion capacity and MVV (maximum voluntary ventilation) (Tr. 287).  Additionally,

Dr. Ackerman's progress reports document, among other symptoms, shortness of breath and wheezing (see, e.g., Tr. 319, 321).

Moreover, it cannot be said that the law judge's failure to state good cause for discounting the Questionnaire is harmless error because acceptance of even some of those opined limitations, such as the need to take unscheduled breaks and the need to miss work (Tr. 360, 361), may alter the plaintiff's opportunity for gainful employment. These limitations, if credited, could change the vocational expert's opinion. Notably, the Commissioner does not contend that the law judge's discounting of the Questionnaire is harmless error (see Doc. 18, pp. 8, 9).

Rather, the Commissioner argues that substantial evidence supports the law judge's decision to give the Questionnaire only some weight because it was conclusory and not supported by the objective medical evidence (id., pp. 7-11). However, that was not the law judge's reasoning for discounting the Questionnaire (see Tr. 26) (law judge only stated that the Questionnaire "is not entirely persuasive because of its remoteness to the period in question"). Consequently, the Commissioner's argument is simply a post hoc rationalization.

Post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983); Baker v. Commissioner of Social Security, 384 Fed. Appx. 893, 896 (11th Cir. 2010); see also Dempsey v. Commissioner of Social Security, supra, 454 Fed. Appx. at 732 ("we will not affirm simply because some rationale might have supported the ALJ's conclusion, and instead remand for further findings at the administrative hearing level"). The responsibility for explaining why a treating physician's opinion is discounted is placed with the law judge, and not with the Commissioner's lawyer.[2] Accordingly, the Commissioner's argument does not remedy the law judge's failure to state good cause for rejecting the opinions stated by Dr. Ackerman in the Questionnaire.

---

[2]The Commissioner also contends that the law judge discounted the Questionnaire because the objective evidence failed to support it (Doc. 18, p. 9). The law judge stated a lack of objective evidence for rejecting the plaintiff's allegations of disabling limitations, not the Questionnaire (see Tr. 26). Notably, the plaintiff testified she had much greater limitations than those opined in the Questionnaire (compare Tr. 47-48 (plaintiff states she can stand for 5 minutes, sit "awhile," and walking is very difficult) with Tr. 360 (Questionnaire opines that the plaintiff can sit and stand/walk each for 6 hours daily)). Therefore, the rationale for discounting the plaintiff's allegations is not equally applicable to the Questionnaire.

On the other hand, the plaintiff's request that the matter be reversed for payment of benefits is meritless (Doc. 17, p. 7). In this regard, the plaintiff argues "it is clear" that the plaintiff would be found disabled if appropriate weight is given to Dr. Ackerman's opinion. Id. This contention is baseless, and the law judge may reject upon remand any aspect of the Questionnaire as long as he states good cause for doing so. Lewis v. Callahan, supra; Fleming v. Commissioner, Social Security Administration, 550 Fed. Appx. 738, 740 (11th Cir. 2013) (the law judge is required to identify with particularity the weight given to the different medical opinions and the reasons for those determinations).

Finally, it is noted that the plaintiff asserted two other arguments in support of her request for remand of the Commissioner's decision. It is appropriate to pretermit consideration of those issues since the matter is being remanded and a new decision will be issued.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration.  The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 20ᵗʰ day of February, 2015.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE